**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 11-2172

ROBERT P. LYNCH,

Plaintiff, Appellee,

v.

JOAN L. CHRISTIE,

Defendant, Appellant,

POSITIVE DESIGN, INC.; STEVEN SCHWARTZ,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Andrea S. Batchelder, with whom Michael W. Gallagher, Paul Schor, and Gallagher & Cavanaugh, LLP, were on brief, for appellant.
Holly R. Jones, with whom Daniel P. Rapaport, Jonathan G. Mermin, Adam J. Shub, and Preti, Flaherty, Beliveau & Pachios, LLP, were on brief, for appellee.

June 25, 2012

**Per Curiam**.  This case involves an appeal from the denial of two motions to dismiss by the federal district court in Maine. Lynch v. Christie, 815 F. Supp. 2d 341 (D. Me. 2011).  The presence of interlocutory federal appellate jurisdiction is contested.

The suit in Lynch v. Christie, based on diversity jurisdiction, is brought by Robert Lynch, a chiropractor, against a former patient, Joan Christie.  The Lynch suit alleges that an earlier lawsuit brought by Christie against Lynch, and dismissed, constituted an actionable wrongful use of civil proceedings under Maine law and that Christie had defamed Lynch in internet postings. The details of Christie's suit may be found in the district court opinion.  See id. at 344-45.

Christie filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which was denied, and is the first denial from which an appeal is taken.  There is ordinarily no appellate jurisdiction over the denial of a Rule 12(b)(6) motion, In re TJX Cos. Retail Sec. Breach Litig., 564 F.3d 489, 493 (1st Cir. 2009), and we need not, under these circumstances, consider an alternative pendent appellate jurisdiction rationale, see Lopez v. Massachusetts, 588 F.3d 69, 82 (1st Cir. 2009).

Christie also responded by filing a special motion to dismiss under Maine's anti-SLAPP law, Me. Rev. Stat. tit. 14, § 556.  The operations of that law are described in Godin v. Schencks, 629 F.3d 79, 81-82 (1st Cir. 2010).  See also Morse

Bros., Inc. v. Webster, 772 A.2d 842 (Me. 2001). The district court denied that motion for reasons explained in its decision. Lynch, 815 F. Supp. 2d at 49-53. Both this court and the district court denied Christie's motion for a stay. The case is currently scheduled to be trial-ready by September 4, 2012.

The question of whether there is interlocutory appellate jurisdiction over the denial of the anti-SLAPP motion is difficult and complex. In Godin, we reserved on "the question of whether an order addressed to the merits of a ruling under an anti-SLAPP statute is immediately appealable." 629 F.3d at 84. We also outlined the four-part requirement established by the Supreme Court for invoking the collateral order doctrine. Id. (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)).

What is neither difficult nor complex is the practical outcome of this dispute -- it is the same, regardless of whether we have interlocutory jurisdiction or we do not. If we do have jurisdiction, the panel has determined that the appropriate resolution would be to remand the case to the district court to consider whether reconsideration of the anti-SLAPP motion to dismiss was warranted. That is because of the new and intervening Maine Supreme Judicial Court decision in Nader v. Maine Democratic Party, 41 A.3d 551 (Me. 2012). There, the Law Court decided clearly for the first time the standards to be applied in deciding such motions. In doing so, the court "announce[d] a change in the

parties' burdens at the preliminary anti-SLAPP dismissal stage." Id. at 563. The federal court did not have the benefit of this controlling statement of Maine law when it decided the motion. And we cannot say with any certainty that application of this new articulation by the Maine Law Court to the facts of this case would not prove to be material.

If, on the other hand, there were no interlocutory appellate jurisdiction, the appeal would be dismissed and the case would continue to proceed in the trial court. There, counsel for Christie would (as she informed us at oral argument) ask the court to consider whether in light of Nader it should reconsider the result it reached.

That decision would then be a matter for the district court, under either course of action. We are reluctant to decide issues of law which are not necessary, or may be premature, and particularly so as to issues which may have constitutional dimensions. See Camreta v. Greene, 131 S. Ct. 2020, 2031 (2011); Sony BMG Music Entm't v. Tenenbaum, 660 F.3d 487, 511 (1st Cir. 2011), cert. denied, 2012 WL 526017 (U.S. May 21, 2012); Buchanan v. Maine, 469 F.3d 158, 172 (1st Cir. 2006).

Accordingly, and without deciding the difficult issue of whether there is interlocutory appellate jurisdiction, we remand to the district court for further proceedings consistent with this opinion, and dismiss the appeal. No costs are awarded.